Newman, J.
The principal contention of the relator is that Section 2867, General Code (Section 1240, Revised Statutes, amended April 2, 1906), which provides that there shall be elected biennially in each county a clerk of the court of common pleas, who shall hold his office two years beginning on the first Monday of August next after the election, is in conflict with Section 16, Article IV of the Constitution, and is therefore unconstitutional and void.
The part of Section 16 of Article IV material to the question raised here reads as follows:
“There shall be elected in each county, by the electors thereof, one clerk of the court of common pleas, who shall hold his office for the term of three years, and until his successor shall be elected and qualified.”
On November 7, 1905, there was adopted an amendment to the Constitution, designated as Article XVII, as follows:
“Section 1. Elections for state and county officers shall be held on the first Tuesday after the first Monday in November in the even numbered years; and all elections for all other elective officers shall be held on the first Tuesday after the first Monday in November in the odd numbered years.
“Section 2. The term of office of the governor, lieutenant governor, attorney-general, secretary of *223 state and treasurer of state shall be two years, and that of the auditor of state shall be four years. The term of office of the judges of the supreme court and circuit courts shall be such even number of years not less than six (6) years as may be prescribed by the general assembly; that of the judges of the common pleas court six (6) years and of the judges of the probate court, four (4) years, and that of other judges shall be such even number of years not exceeding six (6) years as may be prescribed by the general assembly. The term of office of justices of the peace shall be such even number of years not exceeding four (4) years as may be prescribed by the general assembly. The term of office of the members of the board of public works shall be such even number of years not exceeding six (6) years as may be so prescribed ; and the term of office of all elective county, township, municipal and school officers shall be such even number of years not exceeding four (4) years as may be so prescribed.
“And the general assembly shall have power to so extend existing terms of office as to effect the purpose of section 1 of this article.
“Any vacancy which shall occur in any elective state office other than that of a member of the general assembly or of governor, shall be filled by appointment by the governor until the disability is removed, or a successor elected and qualified. Every such vacancy shall be filled by election at the first general election for the office which is vacant, that occurs more than thirty (30) days after the vacancy shall have occurred. The person elected *224 shall fill the office for the unexpired term. All vacancies in other elective offices shall be filled for the unexpired term in such manner as may be .prescribed by law.
“Section 3. Every elective officer holding office when this amendment is adopted, shall continue to hold such office for the full term for which he was elected, and until his successor shall be elected and qualified as provided by law.”
Counsel insist that there is no direct conflict between Section 16 of Article IV and any other provision of the Constitution, unless a false interpretation is placed on the following language of Article XVII, Section 2: “The term of office of all elective county * * * officers shall be such even number of years not exceeding four (4) years as may be so prescribed”—prescribed, it is conceded, by the general assembly.
The claim is that a clerk of the court of common pleas is not a county officer—that he is a constitutional officer—and counsel would make a distinction between a constitutional office and a county office, and suggest that the constitution itself differentiates between these two classes of offices, and call our attention to Section 20 of Article II and Sections 1 and 2 of Article X.
There may be a technical distinction between these two classes of offices, but can it be claimed seriously that the electors of this state recognized or had in mind such a distinction when they adopted Article XVII containing the term “county officers?” Did they not intend to include in that class every officer generally and popularly known *225 as a county officer ? It is to be presumed that the term was used by them with reference to its popular signification and that it was to be applied as it had been practically applied for a number of years. Hill v. Higdon, 5 Ohio St., 243. As provided by the constitution a clerk is elected in each county by the electors thereof. His jurisdiction is confined to the territorial limits of the county. His bond is approved by county officials. A vacancy in the office is filled by county officials. Whenever the legislature has acted on the subject this officer has been treated as a county officer along with sheriff, auditor, treasurer, coroner and the like. The different codifying commissions have recognized the clerk as a county officer. We are therefore satisfied that when the electors provided for the biennial election of county officers and authorized the general assembly to fix their terms at an even number of years not exceeding four, they intended to include the clerk of the court of common pleas.
Article XVII was adopted as an amendment to the constitution. It does not appear in the article itself just what provisions of the constitution were to be amended or superseded.
As was said in The State, ex rel., v. Creamer, 83 Ohio St., 412, it is as if it were written in Article XVII in express terms that all provisions of the constitution inconsistent with this expression of the will of the electors shall be regarded as amended or abrogated to the extent that may be necessary to give it full effect, which is the familiar rule for amendments and repeals by implication.
*226 This article provides for biennial election of all state, county, township and municipal officers. If the term of office of clerk is to remain three years, as was fixed by Section 16 of Article IV, this would defeat one of the purposes, which we think the paramount one, for which the article was adopted. Again, were the three-year term to remain, it would render ineffective the provision of Article XVII, which requires the term of office of all elective county officers to be such even number of years not exceeding four as the general assembly may prescribe.
Applying then the doctrine announced in The State, ex rel., v. Creamer, supra, that earlier expressions in a constitution must must yield when it is necessary to give effect to the latest expression of the intention of those whose intention is entitled to control, Section 16 of Article IV has been abrogated. ,
The fact that the office of clerk of the court of common pleas was provided for in the judicial article and not in the county and township organization article of the constitution is unimportant. The rule applied in the case of The State, ex rel., v. McCracken, 51 Ohio St., 123, that where there is a general provision in the constitution and a special one the latter controls, has no application here. In the McCracken case there were before the court two contemporaneous provisions of the constitution, provisions which were in the constitution when it was adopted as a whole. Here we are considering an amendment to the constitution, the latest, expression of the electors on the subject, and *227 to this latest expression must yield all the earlier provisions of the constitution which are inconsistent with it.
It is urged, however, on behalf of the relator, that, assuming that the office under consideration is a county office within the meaning of that term as used in Article XVII, the term of the office is placed within the control of the general assembly upon the express condition only that the legislature shall not abridge the term, and our attention is directed to the language used in the second section of the article: “The general assembly shall have power to so extend existing terms of office as to effect the purpose of section 1 of this article.”
This was a temporary provision, and had reference to terms of officers elected at the time Article XVII became effective. It was not intended as a permanent provision of the constitution applicable to officers to be chosen after its adoption. This was the view of the matter taken by Judge Spear in The State, ex rel., v. Metcalfe, 80 Ohio St., 244, where he refers to this feature of Article XVII as manifestly temporary only in operation; and Judge Davis in The State, ex rel., v. Pattison, 73 Ohio St., 305, says that the power to extend terms .as designated in Article XVII is confined to such officers as were already elected at the time when the amendment became effective.
The general assembly, in pursuance of this provision, extended the term of office of state and county officers by an act passed April 2, 1906 (98 O. L., 271) : “To conform the terms of office of various state and county officers to the constitu *228 tional provisions relating to biennial elections.” By this act the existing terms, of office of certain state and county officers therein named, which otherwise would have expired in an even-numbered year, were extended to certain dates named in the odd-numbered year succeeding the time when they would otherwise have expired. The provision in Section 2 of Article XVII, giving the general assembly power to extend existing terms of office so as to effect the purpose of Section 1 of the article, had no application to the terms of officers to be thereafter elected. The terms of those officers were provided for in the first paragraph of Section 2 of Article XVII, and in case of a county officer the term was to be for an even number of years not exceeding four. The office of clerk of the court of common pleas being a county office, the legislature saw,fit to fix the term at two years when it amended Section 1240, Revised Statutes, now Section 2867, General Code, and this it had authority to do, Article XVII having superseded Section 16 of Article IV.
The respondents properly refused to cancel the commission of relator and to issue to him a commission for a term of three years.

Judgment of the court of appeals affirmed.

Nichols, C. J., Shauck, Johnson, Wanamaker and Wilkin, JJ., concur.